948 F.2d 1291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL PROPERTY LOCATED AT 517 ROSEBANK AVENUE,
Nashville, Tennessee, With all Appurtenances and
Improvements Thereon, Defendant,
James Erskin Campbell, Claimant-Appellant.
 No. 91-5859.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1991.
 
 1
 Before KEITH and RYAN, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 James Erskin Campbell, a pro se federal prisoner, appeals the district court's decree of forfeiture in a complaint brought by the United States seeking forfeiture of real property belonging to Campbell pursuant to 21 U.S.C. § 881(a)(7). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Campbell was arrested on April 27, 1989, on drug charges. On May 9, 1989, he executed a quitclaim deed purporting to convey his interest in the property which is the subject of this action. The deed granted a life estate to his ex-wife, Bari Brown, with a remainder to their two minor children. A jury convicted Campbell in 1990 of nine counts of conspiracy to distribute cocaine, distribution of cocaine within 1000 feet of a school, and possession with intent to distribute. He was sentenced on April 19, 1990, to 293 months imprisonment along with a period of supervised release and a substantial fine.
 
 
 4
 On February 11, 1991, the government filed a verified complaint of forfeiture against the property, which had been owned by Campbell and Brown as tenants in common pursuant to a divorce decree. The government asserted that the house was used by Campbell to facilitate his cocaine trafficking. A lis pendens, filed the same day, notified potential claimants when and how to file their claims regarding the defendant property. On February 14, 1991, the property was seized by the U.S. Marshal. Copies of the complaint and lis pendens were served upon Brown, who had custody of the two children, on February 15, 1991.
 
 
 5
 Upon the government's request, the district court issued an entry of default as to all claimants on April 23, 1991, because no claims had been filed against the property. On April 26, 1991, Campbell filed two motions with the district court. The first alleged that the seizure was unlawful because the property was not part of any criminal act and it belonged to his ex-wife and minor children. This motion sought a stay of seizure until the minor children were given proper representation. Campbell's second motion sought appointment of a guardian ad litem for his two minor children by his ex-wife and for his minor child by his common law wife. The district court granted the government's motion to strike Campbell's two motions in a marginal order issued June 18, 1991. A decree of forfeiture was entered on July 2, 1991. The defendant property was sold at auction on August 23, 1991.
 
 
 6
 On appeal, Campbell argues that his children were entitled to a guardian ad litem and to a pre-forfeiture hearing. He also argues that the district court incorrectly determined the ownership of the defendant property. Campbell has filed an "emergency motion for preliminary injunction" which seeks to stay transfer of the deed until this court renders a decision on appeal.
 
 
 7
 Upon review, we affirm the district court's judgment because, under the "relation back" provision of 21 U.S.C. § 881(h), Campbell had no interest in the defendant property on May 9, 1989, which he could have transfered to his minor children. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 627 (1989); United States v. Certain Real Property at 2525 Leroy Lane, West Bloomfield, Mich., 910 F.2d 343, 350 (6th Cir.1990), cert.denied, 111 S.Ct. 1414 (1991); Eggleston v. Colorado, 873 F.2d 242, 247 (10th Cir.1989), cert. denied, 110 S.Ct. 1112 (1990).
 
 
 8
 Accordingly, the district court's decree of forfeiture is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for preliminary injunction is denied as moot.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation